SCHOTTKY, J.
 

 Petitioner seeks a writ of habeas corpus to obtain his release from Folsom State Prison upon the ground that he is being held there pursuant to an invalid judgment of conviction.
 

 The facts which are not in dispute are as follows: On March 23, 1953, petitioner pleaded guilty in the Superior Court of Los Angeles County to the crime of issuing a check without sufficient funds. (Pen. Code, § 476a.) The matter was continued for the purpose of pronouncing judgment until June 15, 1953, and petitioner was released on bail. Upon his failure to appear on the date set for pronouncement of judgment, the ease was put off calendar and a bench warrant issued for his arrest. While out on bail petitioner was arrested in San Francisco. He was tried and convicted in the Superior Court of San Francisco County of a violation of section 11500 of the Health and Safety Code (possession of narcotics) and sent to San Quentin Prison. Whether his arrest in San Francisco occurred before or after June 15, 1953, is not clear.
 

 On about August 4, 1953, petitioner mailed to the district attorney of Los Angeles County an “application” addressed to the superior court of that county. In it he asked leave to withdraw his previous plea of guilty to the Los Angeles information and for a trial by jury upon the charges contained in it; in the alternative he demanded that he be brought before the Superior Court of Los Angeles County for entry of judgment and sentencing. Whether or not the district at
 
 *77
 
 torney ever presented this “application” to the superior court does not appear from the papers before us. Petitioner and the district attorney’s office carried on a great deal of correspondence. Finally, on January 18, 1954, the district attorney moved that the case be returned to the calendar in the superior court and that judgment of conviction be entered. The court adjudged petitioner guilty of a violation of section 476a of the Penal Code, a felony, as described in count 1 of the information and dismissed the remaining counts of the information in the interest of justice. Petitioner was sentenced to the state prison for the term prescribed by law, the sentence to run concurrently with that received by him for the San Francisco conviction. Petitioner was not notified beforehand that these proceedings were to take place and was not present at them, either personally or through counsel. The court took notice of the fact that he was then imprisoned in San Quentin.
 

 The Adult Authority fixed petitioner’s sentences at five years for each judgment, the sentences to run concurrently and for a total of five years. Petitioner was paroled sometime later, and this parole was subsequently revoked. The sentence for his San Francisco conviction was then reset at six years and that for the Los Angeles conviction at seven years. The sentence imposed for the San Francisco conviction expired on August 2, 1959, and it is petitioner’s contention that since he is now being detained under the Los Angeles judgment alone, and since that judgment was invalid, he is being illegally deprived of his freedom.
 

 In support of his contention that the Los Angeles judgment of conviction is invalid, petitioner advances two arguments: (1) That he was entitled to be present, both in proper person and through counsel, at every stage of the proceedings, and that the deprivation of this right at the time of entering judgment divested the trial court of jurisdiction to enter judgment; and (2) that the lapse of time between the entry of his plea of guilty and the trial court’s adjudication of his guilt deprived him of his right to a speedy trial.
 

 Penal Code, section 1193, provides:
 

 “Judgment upon persons convicted of commission of crime shall be pronounced as follows:
 

 “1. If the conviction be for a felony, the defendant must be personally present when judgment is pronounced against him, unless after the exercise of reasonable diligence to procure the presence of the defendant, the court shall find that
 
 *78
 
 it will be in the interest of justice that judgment be pronounced in his absence; ...”
 

 Admittedly, petitioner was not present in court when judgment was pronounced against him, and one of the questions we must determine is whether or not the trial court exercised sufficient diligence to secure petitioner’s presence. In
 
 People
 
 v.
 
 Brown,
 
 102 Cal.App.2d 60, 62 [226 P.2d 609], the court passed upon the same question, saying:
 

 “All that appears here is that defendant was not present on her hearing for probation and sentence; . . .; that five days later she again was not present; whereupon, judgment was pronounced. For all that the record shows, the defendant may have been kept away from court by some untoward circumstance beyond her control.
 

 “In such eases as this the record must show that diligent effort has been made to find the defendant, and the reason for his absence.”
 

 In the instant case the petitioner was in San Quentin Prison at the time judgment was pronounced in Los Angeles on January 18, 1954. The attorney general contends that this fact justified the pronouncement of judgment in petitioner’s absence because it would have been impractical to have taken him to Los Angeles. We are unable to agree with this contention. Both the trial judge and the district attorney knew that petitioner was confined in San Quentin Prison, and the court could have secured his presence in court pursuant to section 1194 of the Penal Code. In the Brown case the defendant's whereabouts were unknown, but in the instant case they were known and his presence could have been secured. We think it is clear that there was not “the exercise of reasonable diligence to procure the presence of the defendant” and that the court had no right to pronounce judgment against him without his presence in court. Such a failure may be reviewed on habeas corpus.
 
 (In re Levi,
 
 39 Cal.2d 41 [244 P.2d 403].)
 

 An additional reason why petitioner’s presence at the pronouncing of judgment should have been procured is that he pleaded guilty in Los Angeles to a charge of violating section 476a of the Penal Code. A conviction under this statute is punishable either as a felony or as a misdemeanor. In
 
 People
 
 v.
 
 Neal,
 
 97 Cal.App.2d 668, 676-677 [218 P.2d 556], it was held that section 1204 of the Penal Code “requires the court in determining the consequences of guilt to receive
 
 evidence
 
 either in mitigation or aggravation of the punishment to be imposed. . . . The statute [§1204] demands that the
 
 *79
 
 duty of determining the question of aggravation or mitigation of punishment be performed with scrupulous fairness to the defendant.” By his plea of guilty petitioner admitted all the essential elements of the crime, but the severity of his punishment remained within the province of the trial court. The court failed to receive any evidence whatever on the matter of punishment, and in fact merely followed the suggestions made to it by the deputy district attorney. It cannot therefore be contended reasonably that petitioner did not suffer prejudice by not being present.
 

 We are convinced that since petitioner was not present at the time judgment was entered, and since the trial court did not use reasonable diligence to secure his presence or receive evidence on aggravation or mitigation of his punishment, he is entitled to be discharged from the custody of the authorities at Folsom State Prison and committed to the custody of the sheriff of Los Angeles County with directions that he be arraigned for pronouncement of judgment.
 
 (In re Levi, supra,
 
 page 47;
 
 People
 
 v.
 
 Fields,
 
 88 Cal.App.2d 30, 33 [198 P.2d 104].) Our conclusion in this regard makes it unnecessary to discuss the further contention of petitioner that because of the long delay he is either entitled to his outright release from custody or to a new trial. These are matters which may be urged in the trial court when petitioner appears for the pronouncing of judgment.
 

 The petitioner is discharged from the custody of the authorities at Folsom State Prison and committed to the custody of the sheriff of Los Angeles County with directions that he be arraigned for pronouncement of judgment in accordance with this opinion.
 

 Van Dyke, P. J., and Peek, J., concurred.