[Crim. No 5049. Third Dist. Feb. 11, 1969.]

In re GENE BURG JIMENEZ on Habeas Corpus.

James R. Hagan for Petitioner.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and John Fourt, Deputy Attorneys General, for Respondent.

BRAY, J.*—This is a petition for habeas corpus praying for release from confinement in the California Conservation

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Center upon the ground that petitioner was not personally present in the Los Angeles Superior Court when judgment and sentence were pronounced.

## Question Presented

May the court with counsel present sentence in absentia a defendant then confined in an out-of-state federal correctional institution?

## Record

Petitioner was charged with felony possession of heroin in violation of section 11500 of the Health and Safety Code and with a prior felony conviction of conspiracy to commit malicious mischief. Petitoner pleaded "not guilty" to both charges and waived trial by jury. At all times petitioner was represented by counsel. The record does not disclose whether counsel was court appointed or chosen by petitioner. By stipulation the cause was submitted on the preliminary hearing proceedings and on additional evidence. The superior court found petitioner guilty as charged. On appeal Division One of the Second District Court of Appeal affirmed the conviction.[1] Petitioner was represented on the appeal by court-appointed counsel.

On January 5, 1965, the date set for hearing of petitioner's application for probation and pronouncement of judgment, petitioner's counsel were present and stipulated that petitioner was not present because he was in custody of federal officers in a federal narcotic treatment facility in Fort Worth, Texas, due to a felony conviction after a plea of guilty and sentence by the federal court on December 8, 1964, for a period of five years.[2]

Petitioner's counsel withdrew a pending motion for new trial, expressly waived arraignment of petitioner for pronouncement of judgment and stated no legal cause existed why sentence should not be pronounced. Counsel requested that the commitment to California state prison run concurrently with the federal sentence. After denying probation, as recommended by the probation officer, the court sentenced petitioner to state prison for the term prescribed by law (2 to 10

---

[1]*People* v. *Gene Burg Jimenez,* Second Criminal No. 10720, unpublished opinion.

[2]After a plea of guilty in the Los Angeles Superior Court, petitioner was released on bail and sentenced in the federal court to the narcotics hospital at Fort Worth. On December 15, 1964, petitioner's bail was forfeited for failure to appear in the superior court (presumably he was then in federal custody).

years), sentence to run concurrently with his federal sentence. On February 26, 1968, petitioner was delivered by the federal authorities to the California Department of Corrections, where he is now confined.[3]

 Petitioner's sentence was not void. Basic constitutional and statutory safeguards protect a defendant, requiring his presence at the time of rendition and the imposition of sentence. (Pen. Code, § 1193; *In re Klein* (1961) 197 Cal.App.2d 58, 63 [17 Cal.Rptr. 71].) However, this right can be waived. Thus the right is waived if a defendant voluntarily absents himself after the trial has begun. (*People* v. *Rogers* (1957) 150 Cal.App.2d 403, 414 [309 P.2d 949].)

 Section 1193 of the Penal Code recognizes the fact that it is not always necessary that a defendant be present when judgment is pronounced. It provides in pertinent part: "If the conviction be for a felony, the defendant must be personally present when judgment is pronounced against him, *unless, after the exercise of reasonable diligence to procure the presence of the defendant,* the court shall find that it will be in the interest of justice that judgment be pronounced in his absence; . . ." (Italics added.)

Obviously, petitioner being in prison in Texas could not be present at sentencing, and it was in the interest of justice that petitioner be sentenced immediately so the sentence could be started without delay.

It is difficult to understand how defendant was prejudiced by being sentenced in absentia. Had he been present, he could not have done any more than did his counsel for him, who pointed out that petitioner was a narcotic addict who had requested the federal judge that he be sent to Fort Worth; that counsel had discussed the fact of his addiction with the superior court judge handling the case before his death, and counsel had succeeded in getting a concurrent sentence.

Petitioner contends that he was prejudiced by not being present at sentence in that he could have urged that he be given probation. However, application for probation had already been made and the report of the probation officer recommending against granting probation received. He had had a prior felony conviction. He also contends that he was eligible for and could have urged consideration under sections 3050 and 3051 of the Welfare and Institutions Code for treatment as a narcotic addict. He was already receiving such

---

[3]Presumably his federal prison sentence has expired.

treatment at Fort Worth. The possibility of getting more favorable treatment from the court than his counsel received for him is of slight value as compared to receiving a state sentence which would start to run immediately rather than when he might later appear.

As pointed out in *People* v. *Isby* (1947) 30 Cal.2d 879, 894 [186 P.2d 405], quoting Mr. Justice Cardoza in *Snyder* v. *Massachusetts*, 291 U.S. 97, 106-108 [78 L.Ed. 674, 678-680, 54 S.Ct. 330, 90 A.L.R. 575], in relation to the constitutional guaranty of due process, " ' [n]owhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow. . . . [Rather] the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' . . . The determinative question is whether or not the accused suffered any damage by reason of absence at a particular stage of the proceedings."

In *In re Grayson* (1966) 242 Cal.App.2d 110 [51 Cal.Rptr. 145], the defendant appeared without counsel and the court denied probation and imposed sentence. The defendant had waived counsel at the preliminary examination. At the time of pronouncing judgment the trial court failed to inquire of the defendant as to whether he had "any legal cause to show why judgment should not be pronounced" as required by section 1200 of the Penal Code. The reviewing court stated: "If the defendant is represented by counsel, or has made an effective waiver, omission of the inquiry is only an error of law, not necessarily prejudicial. [Citations.]" (P. 114.)

In *People* v. *Williams* (1944) 24 Cal.2d 848, 853 [151 P.2d 244], the court approved that portion of section 1193 applicable here. It said : "Generally, judgment must be pronounced in the presence of the defendant, unless after the exercise of reasonable diligence to procure the presence of the defendant the court shall find that it will be in the interest of justice that judgment be pronounced in his absence. (Pen. Code, § 1193.) Under this section a defendant must be personally present, and if he is not the court cannot pronounce judgment unless a proper showing of diligence is made as required therein. And even then the court may, in its discretion, find that it would not be in the interest of justice to pronounce judgment in the absence of the defendant. There are, of course, many reasons why a court might desire to have the

defendant present when sentence is pronounced, and in a case such as we have here, *where because of his confinement elsewhere it is not possible to produce the defendant at the time probation is revoked,* the court may consider that, in the interests of justice, judgment should not be imposed until defendant can be brought before the court." (Italics added.)

In *Williams* the defendant was placed on probation for a period of two years. Some seven months later he was convicted in Arizona of forgery and served 18 months in the state prison there. Within the probation period the defendant's probation was revoked and, as he was in the Arizona penitentiary, the matter was placed off calendar. After his release by the Arizona authorities, defendant served a term in the federal penitentiary. When brought before the California trial court, the order revoking his probation was confirmed and the judgment appealed from pronounced. Defendant urged that the judgment was invalid because it was not pronounced until after expiration of the probationary period. The court pointed out "Although section 1191 provides that the judgment must be pronounced within a designated period, it has been consistently held that failure to pronounce judgment within the time specified is not jurisdictional." (P. 850.) It then held that the delay in bringing the defendant before the court for imposition of sentence was attributable to his intervening confinement in state and federal prisons. While the court was dealing with its exercise of discretion in not bringing the defendant before the court for sentencing due to his absence elsewhere in prisons, the court indicated that under section 1193, it could exercise its discretion in determining that the interest of justice could require sentence in the unavoidable absence. It is significant that Justice Curtis in his dissenting opinion, in which he contended that the court had no power of delaying the sentence, stated, "the fact of the defendant's prison commitments in other jurisdictions, as disclosed by the record herein, does not furnish any legal reason for the court's failure, after its timely revocation of probation, to pronounce judgment within the period prescribed by the legislative mandate. The court was empowered to *pronounce judgment in the defendant's absence 'in the interest of justice.'* . . . This was the only course open to the court if it was to so conclude this case within the imperative time requirement of the statute. . . ." (Italics added.) (P. 857.) Justice Carter was in accord with the views expressed by Justice Curtis.

In *Williams* the court also held that the provisions of section 1191 were procedural.

▆▆▆ If, as held in *Williams,* the court may in its discretion determine that it is in the interest of justice to delay sentencing a defendant who is in prison outside this state, it is equally, if not more, reasonable to determine that the interest of justice requires that he be sentenced in absentia if his counsel is present so that his sentence could run concurrently with that in the federal prison rather than delay the start of his sentence until release from federal prison. In the case at bench petitioner was saved over three years in the commencment of his sentence.

As section 1193 provides in effect that the determination of pronouncing judgment in the defendant's absence is a matter in the discretion of the court, the question of whether the court has abused that discretion is a matter to be raised on appeal. Although petitioner appealed the judgment, he did not raise the question of the judgment being pronounced in absentia. Moreover, he filed three petitions while in federal custody: (1) Petition in the United States Supreme Court for writ of certiorari to review the District Court of Appeal's decision on appeal, (2) petition to recall the remittitur to permit him to reopen the appeal, and (3) petition for writ of habeas corpus. In none of these petitions did he raise the question of his sentencing in absentia. It was not until July 1968, in a petition for habeas corpus to the Lassen County Superior Court, that petitioner raised for the first time his sentencing in absentia.

*In re Miller* (1959) 176 Cal.App.2d 75 [1 Cal.Rptr. 62], is easily distinguishable from the instant case in three respects: (1) Miller was within the court's jurisdiction at San Quentin Prison at the time judgment was pronounced against him in the Los Angeles Superior Court and could easily have been brought to court; (2) he was not represented by counsel then, and neither he nor an attorney waived his right to be personally present; (3) the defendant suffered prejudice because the offense of which he pleaded guilty could be either a misdemeanor or a felony, and because of the absence of the defendant the court in pronouncing judgment failed to receive evidence on aggravation or mitigation of his punishment, sentencing him for felony. Here, petitioner was confined in a federal prison in Texas, he was represented in court by his attorneys, and the latter expressly waived his right to be personally present. No prejudice is alleged except that "He . . .

was not able to speak to the judge on his own behalf.'' The court stated that it had read and considered the report of the probation officer which recommended denial. The court complied with petitioner's counsel's request for a concurrent sentence.

*In re Klein, supra,* 197 Cal.App.2d 58, like *Miller,* is distinguishable from the case at bench. There at the time of sentence in absentia the defendant was confined in the state prison, he was without counsel and the offense was one which could have been punished as either a misdemeanor or a felony.

The petition for a writ of habeas corpus is denied, and the order to show cause is discharged.

Friedman, Acting P. J., and Janes, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 9, 1969.