958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lyle John HITCHCOCK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tito LE FRANC, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg HEWITT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael CHRISTAKIS, Defendant-Appellant.
 Nos. 91-50114, 91-50119, 91-50162 and 91-50291.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1992.
Decided March 16, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Christakis, Tito Le Franc, Greg Hewitt, and Lyle Hitchcock all entered conditional guilty pleas to an indictment alleging conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). All assert that the district court erroneously failed to suppress the fruits of wiretap orders. Those orders, they say, were improperly issued because there were misstatements in and omissions from the supporting affidavits. We affirm.
 
 
 3
 Appellants claim that the district court should have conducted a more extensive hearing than it did on their claims regarding the usefulness of an informant, Lynn D'Andrea. See Franks v. Delaware, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 2684-85, 57 L.Ed.2d 667 (1978); United States v. Ippolito, 774 F.2d 1482, 1484-85 (9th Cir.1985); United States v. Stanert, 762 F.2d 775, 782 (9th Cir.), amended, 769 F.2d 1410 (1985). They also claim that the evidence compelled a determination that the maker of the affidavits falsely represented that D'Andrea would neither testify nor introduce undercover agents to the targets of the wiretap.
 
 
 4
 We have carefully reviewed the record and hold that the district court did not err. The affidavits sufficiently demonstrated probable cause for and the necessity of wiretaps. See United States v. Carneiro, 861 F.2d 1171, 1177 (9th Cir.1988). The scope of the hearing gave appellants a full opportunity to explore the main thrust of their complaint--that D'Andrea had not been used as extensively as she could have been. Finally, the evidence fully supported the determination that the affidavits' characterization of D'Andrea was accurate. To place the reliance upon her for which the appellants now argue would have required the government to be hardy to the point of being foolhardy.
 
 
 5
 Le Franc and Hewitt also argue that since the investigating agents knew of Bobby Davis--a friend of Christakis--they should have asked him to become an informant before seeking a wiretap. However, nothing presented to the district court suggested that Davis would have been an informant or that normal investigatory techniques require that every person known to the target of a wiretap be approached first. There was no preliminary showing of a misstatement or omission regarding Davis.
 
 
 6
 Finally, Christakis argues that he should not have been sentenced as a career offender. U.S.S.G. § 4B1.1 (Nov.1989). He asserts that the district court relied upon an unconstitutional prior conviction in reaching the career offender decision. That, of course, would be improper. U.S.S.G. § 4A1.2, n. 6. Christakis claims that despite his unequivocal waiver of his right to be present at sentencing on that offense, his constitutional rights were violated when he was so sentenced. That sentence was in conformance with state law. See In re Jiminez, 269 Cal.App.2d. 621, 623, 75 Cal.Rptr. 152, 153 (1969). The claim that the sentencing nevertheless violated Christakis's federal constitutional rights is meritless. See Brewer v. Raines, 670 F.2d 117, 118-19 (9th Cir.1982) (criminal defendant may waive Sixth Amendment right to be present at every stage of trial and at sentencing). Equally meritless is the claim that the district court erred in refusing to grant an acceptance of responsibility reduction, for there is scant evidence that Christakis did accept responsibility. U.S.S.G. § 3E1.1.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3