Filed 6/26/14  P. v. Patterson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B251202 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA073435) |
| v. | |
| NORICE PATTERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John T. Doyle, Judge.  Dismissed in part, and reversed in part with directions.

California Appellate Project, Jonathan B. Steiner, and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In June 2004, a jury found defendant Norice Patterson guilty of five counts of home invasion robbery (Pen. Code, § 211)[1] and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1)). The jury also found true the allegation that as to the five robbery counts Patterson personally used a firearm. (§ 12022.53, subd. (b).) Patterson admitted the truth of the allegation that he had suffered one prior strike conviction pursuant to section 667, subdivision (a)(1) and the "Three Strikes" law. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)

The court sentenced Patterson to 56 years and four months in prison, consisting of the middle term of six years, doubled to 12 as a second strike, plus a 10-year consecutive term for personal gun use enhancement, and a five-year consecutive term for prior serious felony enhancement (count 1); consecutive 14-year terms (a doubled one-third the middle term of four years, plus 10 years for personal gun use enhancement) (counts 2 & 3); concurrent sentences for counts 4 and 5 (striking the personal gun use enhancement); and a consecutive one-third the middle term of eight months, doubled to 16 months, for the final count.

Patterson appealed, arguing that the trial court erred in applying a full 10-year enhancement for personal gun use on counts 2 and 3. Patterson argued and the People conceded that the proper sentence was one-third the enhancement term, for a total of 40 months. In an unpublished opinion filed on June 20, 2005 (*People v. Patterson*, B177067), this court vacated the sentence and remanded the matter to the trial court for resentencing.[2]

On October 5, 2005, the trial court held a resentencing hearing; Patterson was not present. The court ordered the firearm use enhancements appended to counts 2 and 3

---

[1] All further statutory references are to the Penal Code.

[2] We take judicial notice of our opinion in the earlier appeal (*People v. Patterson* (June 20, 2005, B177067) [nonpub. opn.]) (Evid. Code, §§ 452, 459).

reduced from 10 years to one-third terms of three years and four months.  Patterson's aggregate sentence was ordered reduced to 43 years in state prison.

In July 2013, Patterson filed in the trial court a document entitled "Motion to Vacate the Judgment" and "Motion for Correction of the Record in the Trial Court." Therein, Patterson asserted that he was denied the right to be present at resentencing and that the trial court erred by failing to calculate his custody credits at the time of resentencing.  The trial court issued a minute order dated August 7, 2013, indicating it had read and considered the motion but was taking no action.

The present appeal followed.  Patterson contends on appeal that the judgment should be reversed with directions to the trial court to hold a new sentencing hearing.  We conclude the order denying Patterson's motion to vacate the judgment is not an appealable order and dismiss the appeal in that regard.

Defendant also contends and the Attorney General concedes that the trial court erred by failing to calculate his custody credits at the time of resentencing.  Accordingly, we order that the abstract of judgment be corrected to award him 615 days of actual credit, plus 26 days of conduct credit, for a total of 641 days of presentence credit.

## FACTUAL BACKGROUND

In August 2003, Patterson entered the victims' home, holding a gun to the head of a 13-year-old girl, and demanded that her parents and 12-year-old and 5-year-old siblings get on the floor and not move.  Patterson and an accomplice began demanding money. At one point, Patterson pointed a gun at the father's leg and demanded money.  The father said he had none, but offered his semiautomatic gun.  After taking the gun and two cell phones, Patterson and the accomplice left the family's home.

3

## DISCUSSION

### I. Patterson's Absence From the Resentencing Hearing

#### A. *The Order in This Regard Is Nonappealable*

As previously noted, Patterson successfully argued in the prior appeal that the trial court improperly imposed a full 10-year section 12022.53, subdivision (b), firearm use enhancement as to counts 2 and 3, rather than a one-third term for each enhancement as required by sections 1170.1 and 1170.11. On remand, Patterson was not present at the resentencing hearing held in October 2005. The record on appeal now before us contains no reporter's transcript of those proceedings. In July 2013, Patterson filed a motion to vacate the judgment on the basis that he was denied his constitutional right to be present at the resentencing hearing. He purports to appeal now from the order of August 7, 2013, in which the trial court indicated it would take no action as to the motion to vacate judgment. We conclude that the challenged order is not an appealable order.

Patterson had the right to appeal from the sentence imposed on remand and entered on October 5, 2005, but he did not do so. Section 1237 provides that a defendant may appeal from "a final judgment of conviction" (§ 1237, subd. (a)), or from "any order made after judgment, affecting the substantial rights of the party" (§ 1237, subd. (b)). In criminal cases, judgment is rendered at the time the court orally pronounces sentence. (See *People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3.) A notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed. (Cal. Rules of Court, rule 8.308(a).)

Respondent correctly points out that, "[a]lthough section 1237, subdivision (b), literally permits an appeal from any postjudgment order that affects the 'substantial rights' of the defendant, the right to appeal is limited by the qualification that, ordinarily, no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment." (*People v. Totari* (2002) 28 Cal.4th 876, 882, citing *People v. Thomas*, *supra*, 52 Cal.2d at p. 527.) "'In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal

4

from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and, since there is no time limit[] within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment. [Citation.]'" (*People v. Totari*, *supra*, at p. 882.)

Here, rather than appealing from the judgment entered upon resentencing, Patterson waited well over seven years before filing a motion to vacate the judgment. We decline to entertain an appeal from the order refusing to take action on the motion to vacate the judgment, as doing so "'would merely bypass or duplicate [an] appeal'" from the 2005 judgment. (*People v. Totari*, *supra*, 28 Cal.4th at p. 882.)

Patterson argues in the alternative that we should reach the merits of his claim by construing the present appeal to be a petition for relief from default for failure to file a timely appeal, pursuant to *People v. Slobodion* (1947) 30 Cal.2d 362 and *In re Benoit* (1973) 10 Cal.3d 72. The situation here bears no resemblance to the facts of those cases, in which incarcerated defendants diligently attempted to file timely notices of appeal and relied on prison authorities (*Slobodion*) or attorneys (*Benoit*) to file them, but due to circumstances beyond the defendants' control they were not timely filed. Defendant's delay of more than seven years before seeking appellate review of his sentence does not justify relief under the *Slobodion/Benoit* line of cases. Construing the present appeal as a petition for relief from default would result only in denial of that petition.

### B.     *No Prejudice Shown*

Even assuming for the sake of argument that we were inclined to consider the merits of this appeal, we readily conclude that Patterson cannot prevail because he has not and cannot demonstrate that his absence from the resentencing hearing was prejudicial.

A "defendant whose right of personal presence [is] denied bears the burden of demonstrating prejudice." (*People v. Wilen* (2008) 165 Cal.App.4th 270, 290.) In addition, the error alleged here is subject to harmless error analysis. (See *Chapman v. California* (1967) 386 U.S. 18, as to the federal constitutional right, and *People v. Watson*

(1956) 46 Cal.2d 818, as to the right under state law.  See also *People v. Dickey* (2005) 35 Cal.4th 884, 923 [although capital defendant may not waive statutory right to be present at trial, error is reversible only if prejudicial; i.e., if there is a reasonable possibility the jury would have reached a different result absent the error].)  "As pointed out in *People v. Isby* (1947) 30 Cal.2d 879, 894, quoting Mr. Justice Cardoz[o] in *Snyder v. Massachusetts*, 291 U.S. 97, 106-108, in relation to the constitutional guaranty of due process, '"[n]owhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow. . . .  [Rather] the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." . . . The determinative question is whether or not the accused suffered any damage by reason of absence at a particular stage of the proceedings.'"  (*In re Jimenez* (1969) 269 Cal.App.2d 621, 624.)

Patterson states in the abstract that a defendant's presence is required at sentencing because he can contribute factors in mitigation relevant to himself, citing *Faretta v. California* (1975) 422 U.S. 806, 819, fn. 15, *Snyder v. Massachusetts*, *supra*, 291 U.S. at pages 105-106 (disapproved on another ground as stated in *Malloy v. Hogan* (1964) 378 U.S. 1), and *People v. Rodriguez* (1998) 17 Cal.4th 253, 258.  Patterson asserts that "Here, in light of the fact that one component of the original sentence was unlawful, the hearing at which appellant was absent was the first opportunity appellant and trial counsel had to present the case supporting a favorable exercise of discretion" because this court remanded "'for such further proceedings as may be just under the circumstances.' [(§ 1260.)]'"  He contends that it is "just" that he should be present when resentenced. More specifically, Patterson argues that if he had been present he could have argued for concurrent rather than consecutive sentences for counts 2 and 3, as the sentencing court's decision to impose a concurrent rather than a consecutive sentence was discretionary. (§ 669; *People v. Deloza* (1998) 18 Cal.4th 585; *People v. Hendrix* (1997) 16 Cal.4th 508.)  He contends he also could have presented arguments for the trial court to strike his prior strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

In the prior appeal, the only issue before this court was the propriety of the sentence imposed for the firearm use enhancements on counts 2 and 3. In remanding, however, we noted that a trial court may reconsider an entire sentencing structure in multi-count cases where a higher court has vacated a portion of the resulting sentence, as long as the aggregate prison term is not increased, citing *People v. Burbine* (2003) 106 Cal.App.4th 1250. We vacated the previously imposed sentence and remanded the matter to the trial court for resentencing.

However, the record on appeal is inadequate to review the contention that Patterson's absence from the resentencing hearing resulted in prejudice because there is no reporter's transcript of the resentencing hearing. We know that Patterson was represented by counsel at that hearing, but we do not know what counsel argued on his behalf. Moreover, even if the trial court had been called upon to consider imposing concurrent rather than consecutive sentences for counts 2 and 3, or striking a prior conviction, Patterson has not suggested any reason why the court would change its mind from the time of the first sentencing hearing. The facts underlying the judgment of conviction here involved Patterson terrorizing a family, including three children, by holding them at gunpoint and demanding money. In his briefing on appeal, Patterson offers no factors in mitigation that he would have pointed out to the trial court. Under these circumstances, we conclude that Patterson's absence from resentencing was harmless beyond a reasonable doubt; likewise, it was not reasonably probable a result more favorable to Patterson would have been reached had he been present.

## II.    Conduct Credit

Patterson correctly contends that when a prison term already in progress is modified as the result of a remand for resentencing by an appellate court, the sentencing court must recalculate and credit against the modified sentence all actual jail and prison time the defendant has already served. (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) When it modified Patterson's sentence on October 5, 2005, the trial court should

have determined all actual days he had spent in custody since his arrest on January 30, 2004, and awarded such credits in the amended abstract of judgment.

Postjudgment orders denying a motion to correct custody credit are appealable orders. (See *People v. Salazar* (1994) 29 Cal.App.4th 1550, 1557; *People v. Fares* (1993) 16 Cal.App.4th 954, 958.) There is no time limitation on the right to bring a motion to correct the sentence. (*Fares*, *supra*, at p. 958.) Therefore, the trial court should have granted Patterson's motion to correct the sentence, and its failure to do so is cognizable in this appeal.

The People concede that the trial court failed to recalculate Patterson's custody credit at the resentencing hearing. Patterson correctly contends that the trial court was off by one day when it sentenced Patterson in 2004, awarding 175 actual days rather than the correct number, 176 actual days. Remand for recalculation by the trial court is not necessary, however, because we may do so with accuracy ourselves. The amended abstract of judgment should reflect 615 days of actual credit (176 days of actual custody from the date of his arrest on January 30, 2004, until the date of sentencing on July 23, 2004; plus 439 days from the day following pronouncement of the original sentence on July 23, 2004, through the date of resentencing on October 5, 2005), plus 26 days of conduct credit, for a total of 641 days of presentence credit.

## DISPOSITION

The appeal from the order denying the motion to vacate the judgment based on Patterson's absence from the resentencing hearing is dismissed. The order denying the motion for correction of the record is reversed. The trial court is directed to prepare a new abstract of judgment reflecting the term imposed and the award of 641 days of

8

presentence custody credit.  A copy of the abstract is to be forwarded to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.[*]

We concur:

EPSTEIN, P. J.

WILLHITE, J.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.