Filed 8/28/14  P. v. Fierros CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO FIERROS,<br><br>    Defendant and Appellant. | B254199<br><br>(Los Angeles County<br>Super. Ct. No. YA026516) |

APPEAL from an order of the Superior Court of Los Angeles County.  Mark S. Arnold, Judge.  Appeal dismissed.

———

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———

On December 16, 2013, Orlando Fierros filed a motion for correction of presentence custody credit awarded in connection with his sentencing in November 1996. Fierros requested a recalculation of actual days, maintaining that he was entitled to 377 actual days rather than the 375 actual days he had been awarded at sentencing. The trial court denied the motion, apparently under the impression that the correction requested did not relate to actual days but to conduct days, which based on Fierros's convictions were limited to 15 percent by Penal Code section 2933.1. Fierros filed a notice of appeal.

We appointed counsel to represent Fierros on appeal. After examining the record, appointed counsel filed another motion in the trial court to correct the award of actual days. The trial court granted that motion on March 18, 2014, awarding Fierros 377 actual days. On April 9, 2014, the court entered an amended abstract of judgment reflecting the additional days. On April 14, 2014, appointed counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On April 15, 2014, we directed appointed counsel to immediately send the record on this appeal and a copy of the opening brief to Fierros and notified Fierros that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider.

After receiving extensions, Fierros filed a letter brief on July 21, 2014. In his brief, Fierros does not raise any issue related to his motion for correction of presentence custody credit or the trial court's ruling on the motion by appointed counsel during the pendency of this appeal. Fierros, however, claims that he was denied the right to counsel at his arraignment, an argument that is not before the court on his appeal from the initial denial of his motion for correction of presentence custody credit. Given that Fierros is in custody and his direct appeal is complete, his potential avenue for relief is by habeas corpus.

We have examined the entire record and determined that, because Fierros has now received 377 actual days, as he requested, his appeal from the initial denial of that relief

is moot.  As a result, the appeal is dismissed.  We are satisfied that Fierros's attorneys have fully complied with their responsibilities and that no arguable appellate issue exists.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)[1]

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

---

[1]     In the *Wende* brief, appointed counsel states that Fierros was not present in court "as he had requested in his initial motion" when his actual days of custody credits were corrected.  Fierros, however, in his initial motion did not request to be present but simply recognized a defendant's general right to be present for pronouncement of judgment.  Nevertheless, given that Fierros received the actual days of custody credit that he requested, no issue exists due to his lack of appearance.  (*In re Jimenez* (1969) 269 Cal.App.2d 621, 624 ["'determinative question [when a defendant is not present in court] is whether or not the accused suffered any damage by reason of absence at any particular stage of the proceedings'"].)  Fierros suggested in the initial motion that he was entitled to an additional day of conduct credit, but requested only a recalculation of the actual days.  In any case, Fierros failed to account for the 15 percent limitation on conduct credit and in his letter brief filed in connection with the appeal raised no issue regarding conduct credit.